IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

United States of America,

    Plaintiff,

v.

Thomas Hamet, 16997-027, et al,

    Defendants.

Case No. 3:17-cr-00029-RLM-MGG

-FILED-
NOV 17 2021
At_____M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## DEFENDANT THOMAS HAMET'S VERIFIED MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 USC 3582(c)(1)

Comes now Defendant Thomas Hamet ("Defendant Hamet") and for his verified motion for sentence reduction pursuant to 18 USC 3582(c)(1) and states:

### JURISDICTION, VENUE, EXHAUSTION

1. Defendant Hamet has exhausted all administrative remedies required as a condition precedent for filing a motion pursuant to 18 USC 3582(c)(1)(A)(i).

2. Specifically but without limitation, Defendant filed a BP8, Documentation of Informal Resolution, a copy of, Receipt of Administrative Remedy Request, is attached. Exhibit "1-A" (note also included is the rejection notice which was resubmitted on 09-09-2021 to Mr. Swetz with all the proper corrections made, see Exhibit "1-B" 3 pages, also note once resubmitted the Receipt of Administrative Remedy Request came on 09-28-2021 which means the corrections were made and accepted). As of 11-10-2021, there has been no response.

3. Defendant Hamet then file a BP9, formal request to the warden, dated 09-20-2021, a copy of Receipt of Administrative Remedy Request is attached hereto. Exhibit "2." As of 11-10-2021, there has been no response.

4. Defendant Hamet also filed a 1 page electronic request to the MIL/RIS (Milan Reduction in Sentence) Coordinator on 08-03-2021, a copy of which is attached hereto as Exhibit "3." As of 11-10-2021, there has been no response (note talked to Warden J. Hemingway on 09-23-2021. He told me if I did not get a response in 30 days from 08-03-2021, I can now legally file my motion in court.).

5. Under the DOJ-FBOP Program Statements, (PS) "Administrative Remedy Program" PS1330.18, (12) RESPONSE TIME 542.18, a warden ordinarily has 20 days to respond to a BP9.

6. Congress in the enactment of 18 USC 3582(c)(1) provided that the right to file a motion would accrue by reason of the inaction of a warden, upon the expiration of 30 days after submission of the formal request by way of BP9.

7. The responsible warden did not respond to the said BP9 within 30 days of submission.

8. Therefore, Defendant Hamet has exhausted all administrative remedies required by the aforementioned 18 USC 3582(c)(1)(A)(i).

9. Furthermore, Defendant Hamet has exhausted all administrative remedies "available" to him, within the meaning of the law.

## FACTS SHOWING ENTITLEMENT TO RELIEF

10. Defendant on 02-13-2018 was sentenced on two counts of an indictment, as follows:

   a) 24 months imprisonment for violation of 21 USC 841(a)(1) Possession with Intent to Distribute Methamphetamine, Count 1, Imprisonment to Be Served Consecutive to Count 3.

   b) 60 months imprisonment to be served consecutive to Count 1 for violation of 18 USC 924(c) Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

   c) Three years supervised release to follow completion of both prison sentences.

   d) Court recommended RDAP. A copy of Judgment in a Criminal Case showing recommendation is attached hereto as Exhibit "4," 6 pages.

11. Defendant Hamet's current "Good Conduct Time" (GCT) release date is 03-19-2023. See attached copy of Sentence Monitoring Computation Data Sheet attached hereto as Exhibit "5," 3 pages.

12. Defendant Hamet is not to his understanding eligible for time in reduced security confinement pursuant to the First Step Act of 2018, 18 USC 3624(g), due to his charge under 924(c).

13. Defendant Hamet has finished the DOJ-FBOP RDAP (Residential Drug and Alcohol Program) with honors. RDAP Hourly Participation record showing complete is attached hereto as Exhibit "6," 3 pages (note Defendant is ready to start TDAP/ Transitional Drug Abuse Program upon release to the RRC/Residential Reentry Center). Defendant Hamet has not gotten a year off for his efforts, and does not expect same to be awarded by prison authorities.

14. Defendant Hamet has serious medical problems with his gall bladder, for which he cannot get adequate treatment.

15. Defendant Hamet would like to do a liver cleanse, in order to try to save his gall bladder and all the functionality it provides, but cannot get the wherewithal for such a cleanse in federal prison. Saving, the gall bladder, if possible through cleansing, would cost far less than surgical removal.

16. Defendant Hamet needs a partial denture and needs some dental cavities filled.

17. Defendant Hamet has been on the "waiting list" for a partial denture and dental fillings since February 18, 2018.

18. Defendant Hamet has also been "on the list" for a cleaning for his teeth since February 18, 2018. However, Defendant Hamet got them cleaned on 08-09-2021, the day after his friend sent a draft of this pleading to him on Trulincs, the BOP's monitored email system.

19. Defendant Hamet has not been provided regular checkups or dental cleanings.

20. It is a virtual certainty that Defendant Hamet will not get the needed dental care while in prison.

21. Dental floss is not sold on commissary, which makes it very difficult to maintain a high degree of dental hygiene. However, dental floss just came out on the list on or about 08-09-2021, whereupon Defendant Hamet bought some. Also, the cost of Sensodyne toothpaste increased from $6 to $9.

22. Congress in 28 USC 994(g) has provided that:

> (g) The Commission, in promulgating guidelines pursuant to subsection (a)(1) to meet the purposes of sentencing as set forth in section 3553(a)(2) of title 18, United States Code, shall take into account the nature and capacity of the penal, correctional, and other facilities and services available, and shall make recommendations concerning any change or expansion in the nature or capacity of such facilities and services that might become necessary as a result of the guidelines promulgated pursuant to the provisions of this chapter. The sentencing guidelines prescribed under this chapter shall be formulated to minimize the likelihood that the Federal prison population will exceed the capacity of the Federal prisons, as determined by the Commission.

23. Federal prisons are seriously overcrowded and have been for literally decades.

24. Dental care in federal prisons generally, and his prison specifically, has been reduced to a complete mockery of the directives of Congress in 28 USC 994(g).

25. If Defendant Hamet receives a reduction in sentence such that he can earn the wherewithal for his own medical and dental care, he will promptly devote as much of his earnings as he can reasonably spare, to remediating the identified medical and dental issues.

26. If Defendant Hamet was allowed to serve the remainder of his term as additional supervised release, he could earn enough money to at least fix the most pressing dental issues, although complete remediation would cost a lot and take a considerable period of time.

27. Defendant Hamet has worked as a powder coater and painter for approximately the last 33 months, for Federal Prison Industries (FPI), also known as "UNICOR."

28. Defendant Hamet has provided tens of thousands of dollars worth of labor, for which he is paid pittance.

29. Defendant Hamet finds it impossible even to persuade his custodians to provide basic, reasonable dental care that normal people in the free world would buy on their own, as partial consideration for his labor.

30. Worse yet, the DOJ-FBOP won't allow inmates to have ACCESS to reasonable dental care, even if they have enough money to pay for it on their own.

31. Defendant Hamet seeks relatively modest relief, since he would be eligible for halfway house in about 4 months anyway.

WHEREFORE, Defendant requests that his sentence be reduced to time served; alternatively for a reduction in security level, to additional supervised release or to home confinement; and for such other, further, or different relief as may be appropriate, whether or not specifically requested.

VERIFICATION

Defendant Thomas Hamet by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully Submitted,

By: _Thomas Hamet_ (signature)    11-10-21
Thomas Hamet, 16997-027          Date
FCI Milan
P.O. Box 1000
Milan, MI. 48160

CERTIFICATE OF SERVICE - PRISON MAILBOX RULE

Defendant by his signature above declares under penalty of perjury pursuant to 28 USC 1746 that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient First Class Postage attached, addressed to the clerk of the court for filing and service via CM/ECF.

Thomas Hamet 16997-027

*Thomas Hamet* 11-10-21